McGHEE v. FRENCH et ux.—107 S. W. (2d), 516.

Eastern Section. March 10, 1937.

Petition for Certiorari denied by Supreme Court, July 3, 1937.

Cassell & Ladd, of Harriman, for appellants.
Jennings & O'Neil, of Knoxville, for appellee.

PORTRUM, J. There is a motion here to dismiss the appeal in this case because the appeal bond was not filed within the twenty-five days allowed by the trial judge. The motion establishes that the case was heard by the chancellor by consent in chambers and out of term time on June 10, 1936; that the appeal bond was not filed until September 10, 1936.

In reply the appellant says that, while the decree was rendered on June 10, 1936, as a chambers decree, the decree provided that the defendant had thirty days "from the entry of the decree within which to file the appeal bond." And by agreement a letter from the clerk and master and addressed to the clerk of this court was permitted to be used as evidence in lieu of a suggestion of diminution of the record. This letter recites: "The final decree in the above styled cause was entered on the minutes of my court on August 13, 1936."

As heretofore stated, the appeal bond was filed September 10 following, which was within thirty days of the entry of this decree.

However, the chancellor had no authority to provide that the appellant should have thirty days from the entry of the decree, and the decree to this extent is non judice and void.

The chapter of the Code in reference to chambers decrees expressly provides that any orders or decrees made in pursuance to the provisions of the article and signed by the chancellor and transmitted by him to the clerk and master, then the clerk and master "shall note upon the same the exact time of receiving same, and the same shall be by him at once entered on his minute book under an appropriate heading showing that they are decrees entered at chambers and all such endorsements on said decrees shall be also entered on said minute book." The clerk cannot withhold the chambers decree from the minutes from June 10 to August 13; it is his duty to enter the same immediately, and, if he does withhold it and enters it later, the decree takes effect as of the date of its receipt and not of the date of the entry. Code, section 10505.

The granting of appeals from chambers decrees is regulated in this chapter, and the chancellor is given power to extend the time for giving bond thirty days from the date of the rendering of his decree, provided that such appeal be prayed at the time or within twenty days of the rendering the the decree. The maximum period then is fifty days, provided the application was made twenty days after the decree was rendered. Code, section 10506.

The appeal was attempted to be prosecuted from an interlocutory decree from which no writ of error lies, and it is necessary to remand the case for further proceeding. The motion to dismiss must be sustained, and the cost of the cause is taxed against the appellant.